IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON SANDERS, #B38349, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-00832-MJR |
| | ) |
| DEREK T. MCCAMMACK, | ) |
| CLINT W. MAYER, | ) |
| DR. DONALD SHEPHERD, | ) |
| TIMOTHY R. VEATH, and | ) |
| MIHN T. SCOTT, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff Jason Sanders, an inmate in Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on incidents that occurred while Plaintiff was housed at Menard Correctional Center.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, on August 31, 2012, Plaintiff Sanders went to the Menard infirmary to see Dr. Shepherd regarding back pain. Plaintiff's hands were cuffed behind his back, so he could not sign a release form for Dr. Shepherd. C/O Mayer refused to uncuff Plaintiff, but instead offered to sign on Plaintiff's behalf. When Plaintiff balked at this plan, C/O Mayer allegedly flew into a rage, jerked Plaintiff up and exited the infirmary, injuring Plaintiff in the process. C/O McCammack came to C/O Mayer's assistance. While Mayer and McCommack were trying to get Plaintiff up off the ground, McCommack "mercilessly" kneed

Plaintiff in the eye, injuring Plaintiff's eye to the extent that he has permanently blurred vision. Plaintiff was not given any medical attention; instead he was taken back to his cell. Dr. Shepherd later went to Plaintiff's cell to secure Plaintiff's signature on the release form. Plaintiff complained about his injuries, which Dr. Shepherd could see for himself, but the doctor simply walked away.

During a September 4, 2012, disciplinary hearing stemming from the incident with Mayer and McCommack, hearing officers Veath and Scott denied Plaintiff's request to call witnesses. Plaintiff was convicted of assaulting staff, for which he received demotion to C grade, segregation and commissary restrictions—all for one year. Plaintiff also lost contact visits for six months.

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** Defendants C/O Mayer and C/O McCommack used excessive force against Plaintiff Sanders without penological justification, in violation of the Eighth Amendment;
>
> **Count 2:** Defendant Dr. Shepherd was deliberately indifferent to Plaintiff Sanders' serious medical needs, in violation of the Eighth Amendment; and
>
> **Count 3:** Defendants Lt. Veath and Lt. Scott did not permit Plaintiff Sanders to call witnesses at his disciplinary hearing, thereby violating Plaintiff's Fourteenth Amendment right to procedural due process.

**Discussion**

Count 1 states a colorable Eighth Amendment violation. The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *See Wilkins v. Gaddy,* 559 U.S. 34 (2010); *DeWalt v. Carter,* 224 F.3d 607, 619 (7th Cir. 2000).

Count 2 also states a colorable constitutional claim. Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble,* 429 U.S. 97 (1976).

Count 3 states a colorable Fourteenth Amendment claim. In order to fall within the ambit of Fourteenth Amendment protection, a plaintiff must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch,* 494 U.S. 113, 125 (1990). Procedural due process rights are not triggered unless the deprivation suffered amounted to an "atypical and significant deprivation." One year of segregation meets this standard. *Toston v. Thurmer,* 689 F.3d 828, 832 (7th Cir. 2012) (remanding for determination whether 90–day segregation amounted to deprivation of constitutional liberty interest) (*citing Rowe v. DeBruyn,* 17 F.3d 1047, 1053 (7th Cir. 1994) (year of disciplinary segregation triggered procedural due process protections); *Marion v. Columbia Correctional Inst.,* 559 F.3d 693 (7th Cir. 2009) (remanding for a determination whether 240 days in segregation arose to an "atypical and significant deprivation").

Although Counts 1-3 state viable claims, they cannot all proceed in the same action. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that

unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George,* 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)).

The Eighth Amendment claims against Defendants Mayer, McCommack and Shepherd in Counts 1 and 2 are related and can proceed together in this action. Counts 1 and 2 will involve overlapping facts and witnesses. However, the due process claim against Defendants Veath and Scott in Count 3 is not actually intertwined with Counts 1 and 2. Count 3 can stand alone, in that whether Plaintiff was denied witnesses is a separate and distinct question from whether excessive force was used against him and whether he was denied medical care for a serious injury. Therefore, consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court shall sever Count 3 of Plaintiff's complaint, and shall open a new case with a newly-assigned case number for that claim. However, Plaintiff shall have an opportunity to voluntarily dismiss the newly severed case if he does not wish to proceed on that claim or incur the additional filing fee.

## **Pending Motion**

Also before the Court is Plaintiff's motion for service of summons and the complaint at government expense (Doc. 4). Because Plaintiff was granted leave to proceed as a pauper (Doc. 8), and in accord with 28 U.S.C. § 1915(d), Plaintiff's motion (Doc. 4) shall be granted.

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Stephen C. Williams for further consideration.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 3**, Plaintiff's due process claim against Defendants **VEATH** and **SCOTT**, which is unrelated to the Eighth Amendment claims in Counts 1 and 2, is **SEVERED** into a new case. That new case shall be premised upon the following claim:

> Count 3: Defendants Lt. Veath and Lt. Scott did not permit Plaintiff Sanders to call witnesses at his disciplinary hearing, thereby violating Plaintiff's Fourteenth Amendment right to procedural due process.

The new case **SHALL BE ASSIGNED** to the undersigned District Judge for further proceedings. In the new case, the Clerk is **DIRECTED** to file the following documents:

(1)   This Memorandum and Order

(2)   The Original Complaint (Doc. 1)

(3)   Plaintiff's motion to proceed *in forma pauperis* (Doc. 2)

Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with the newly-opened case, he must notify the Court in writing on or before October 11, 2013. Unless Plaintiff notifies the Court that he does not wish to pursue the newly opened action, he **will be responsible for an additional $400.00 filing fee** in the new case ($350.00 if he is granted pauper status). Service shall not be ordered on Defendants in the newly severed case until after the deadline for Plaintiff's response.

**IT IS FURTHER ORDERED** that **COUNT 1** against Defendants **MAYER** and **MCCOMACK**, and **COUNT 2** against Defendant **SHEPHERD** shall proceed in the present action, Case No. 13-cv-00832-MJR.

**IT IS FURTHER ORDERED** that Plaintiff's motion for service of summons and the complaint at government expense (Doc. 4) is **GRANTED**.

The Clerk of Court shall prepare for Defendants **MAYER, SHEPHERD** and **MCCOMACK**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings, including Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 10, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**